UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: AZHAR HERMIZ,              Bkrptcy No. 12-52399

        Debtor.

_____/

AZHAR HERMIZ,                 Civil Case No. 13-11199

        Plaintiff-Appellant,       HON. GEORGE CARAM STEEH

    vs.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, a corporation organized
under the laws of United States,
and JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

          Defendants-Appellees,

    and

FEDERAL HOUSING FINANCE AGENCY

          Intervenor-Appellee.

_____/

OPINION AND ORDER AFFIRMING
FEBRUARY 1, 2013 DECISION AND JUDGMENT

Before the Court is an appeal by Appellant Azhar Hermiz ("Appellant") of a

February 1, 2013 judgment entered by the Bankruptcy Court granting motions to

dismiss from an adversary proceeding under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ.

P. 12(b)(6) in favor of Appellees Federal Home Loan Mortgage Corp. ("Freddie Mac"),

JPMorgan Chase Bank, N.A. ("Chase"), and Federal Housing Finance Agency ("FHFA")

-1-

(collectively "Appellees").  A hearing was held on June 25, 2013.  For the reasons set

forth below, the February 1, 2013 decision and judgment is AFFIRMED.

## I. BACKGROUND

Appellant and her husband, Abdulkarim Hermiz purchased a home at 7621 Acorn

Hill Court, West Bloomfield, MI 48323 (the "property") in April of 2003 with a mortgage loan

in the amount of $305,000 from Chase Manhattan Mortgage Corporation, predecessor to

Chase.  Appellant defaulted on the loan and Chase foreclosed by advertisement and

conveyed the property to Freddie Mac on May 17, 2011 through a sheriff's deed.  Under

M.C.L.A. § 600.3240, Appellant had a one year redemption period from the date the

property was sold to Freddie Mac to pay the bid price as well as the sheriff's fee paid by

Freddie Mac, with interest calculated from the date of sale to Freddie Mac.  After Appellant

initiated Chapter 13 bankruptcy proceedings on May 17, 2012, the redemption period was

extended to July 16, 2012.  Appellant failed to pay the sum required for redemption by this

date.

On June 25, 2012 Appellant filed an adversary complaint against Appellees in the

Bankruptcy Court.  During adversary proceedings, Appellees each filed motions to dismiss

under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6).  The Bankruptcy Court

granted Appellees' motions based on *Kapla v. Federal National Mortgage Corporation*, 485

B.R. 136 (Bankr. E.D. Mich. 2012), for reasons stated on the record.  The Bankruptcy Court

responded to Appellant's claim of a due process violation by citing *Kapla*, holding that there

is no significant difference between the facts in *Kapla* and the facts presented during the

adversary proceeding.   The Bankruptcy Court responded to Appellant's remaining

arguments regarding timeliness of filing by pointing to unspecified opinions, also written by

Bankruptcy Court Judge Shapero.  After the Bankruptcy Court granted Appellees' motions to dismiss, Appellant appealed to this Court for review.

II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1) this Court has "jurisdiction to hear appeals from final judgments" of Bankruptcy Court.  The Court applies *de novo* review to legal conclusions appealed from Bankruptcy Court. *In re Batie*, 995 F.2d 85, 88-89 (6th Cir. 1993). *See In re Cannon*, 277 F.3d 838, 849 (6th Cir. 2001).  A ruling on a motion to dismiss is a legal determination to which *de novo* review is applied. *In re Grenier*, 430 B.R. 446, 449 (E.D. Mich 2010).  However, the Court will not set aside the Bankruptcy Court's findings of fact unless the findings are "clearly erroneous." Fed. R. Bankr. P. 8013; *Batie*, 992 F.2d at 88 (citing *In re Barrett*, 964 F.2d 588, 591 (6th Cir. 1992)).

Appellees' original Fed. R. Civ. P. 12(b)(6) motion to dismiss was litigated within Bankruptcy Court adversary proceedings conducted under Fed. R. Bankr. P. 7012(b).  This Court applies the same standard as did the Bankruptcy Court when reviewing the motion *de novo*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Pleadings that are merely conceivable are not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.  Similarly, a pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.  A claim for fraud is a special matter, and has a higher pleading standard set forth in Fed. R. Civ. P. 9(b), requiring a party to "state with particularity the circumstances constituting fraud or mistake."

III. ANALYSIS

A. Due Process

Appellant alleges that as a federal instrumentality through conservatorship, Freddie Mac violated her due process rights when it foreclosed on the property without a judicial foreclosure proceeding. Appellant argues that Freddie Mac is a federal instrumentality for constitutional purposes, specifically for her claim of violation of due process. An individual may only bring a due process claim against a federal instrumentality as the Fifth Amendment does not restrict private actors. *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952). For a private corporation like Freddie Mac to be considered a federal instrumentality for constitutional purposes, it must be created "by special law for the furtherance of governmental objectives, and [the government] retains for itself permanent authority to appoint a majority of the directors." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 400 (1995). Prior to conservatorship, Freddie Mac was a private actor, and not under government control because the government only maintained authority to appoint 5 of the 18 directors on Freddie Mac's Board of Directors, well below the majority required in *Lebron*. *Id.* *See Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 92 (D.D.C. 2012) (holding that Fannie Mae was a private actor before it went into conservatorship.). Conservatorship does not make the government's relatively recent control over Freddie Mac permanent, even if its control is indefinite. Under 12 U.S.C. § 4617(a)(2), FHFA may "be appointed conservator or receiver for the purpose of reorganizing, rehabilitating, or winding up the affairs of a regulated entity." *See Kapla*, 485 B.R. at 152. This language implies that conservatorship is inherently temporary because when the task of "reorganizing, rehabilitating, or winding up" is completed, the FHFA may no longer act under its

-4-

discretionary appointment, and further, 12 U.S.C. § 4617(a)(4)(D) establishes the framework to terminate conservatorship. The presence of FHFA as a conservator is insufficient as a factual basis to plausibly conclude for constitutional purposes that Freddie Mac is a government actor. *Kapla*, 485 B.R. at 153. In finding that Freddie Mac is not a federal instrumentality for constitutional purposes, and is instead a private actor, Appellant's due process claim necessarily fails.

Alternatively, Appellant argues that Michigan's non-judicial foreclosure statute, MCL 600.3201, violates her due process rights. "[T]he Sixth Circuit has already found that Michigan's foreclosure by advertisement statute [sic] comports with the requirements of due process." *Rubin v. Fannie Mae*, Case No. 12-cv-12832, 2012 WL 6000572 at *3 (E.D. Mich. Nov. 30, 2012) (citing *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 121 (6th Cir. 2003)). Appellant argues that *Sutton* can be distinguished from the present case because the United States was the defendant in *Sutton*. The Court does not find this argument persuasive; moreover, like in *Sutton*, Appellants had adequate and actual notice through foreclosure by advertisement. *Sutton*, 92 F. App'x at 121.

After reviewing the arguments presented to the Bankruptcy Court during adversary proceedings, this Court affirms the Bankruptcy Court's finding that under *Kapla*, Freddie Mac was not a federal instrumentality, and therefore Appellant's due process rights were not violated by Michigan law.

B. Redemption Period, Slander of Title, Fraud

Appellant may not challenge the sheriff's sale after the redemption period has expired. "[W]here a plaintiff does not avail herself of the right of redemption in the foreclosure proceedings before the expiration of such right, all of the plaintiff's rights in and

-5-

to the property are extinguished." *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166 at *2 (Mich. Ct. App. April 24, 2012) (citing *Piotrowski v. State Land Office Bd*, 203 Mich. 179, 187 (1942)).  Michigan courts have previously viewed challenges to foreclosure sales brought after the expiration of the redemption period as lacking standing. *See Page v. Everhome Mortg. Co.*, 2012 WL 3640304 at *2 (Mich. Ct. App., Aug. 23, 2012); *Overton v. Mortg. Electronic Registration System, Inc.*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009).  Alternatively, federal courts have accepted the holding in *Overton*, but indicated that the case holds on its merits, not solely on its conclusions relating to standing. *Langley v. Chase Home Fin. LLC*, 2011 WL 1130926 at *2 (W.D. Mich., Mar. 28, 2011).  However, *Awad* provides for an equitable extension of the redemption period in the case of "a clear showing of fraud, or irregularity" in the foreclosure process itself. *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166 at *2 (Mich. Ct. App. April 24, 2012) (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-48 (Mich. Ct. App. 1969)).  If there were a sufficient pleading of fraud, the redemption period would be extended by five years under MCL 600.5801(1).

While Appellant alleges fraud on the part of Chase, for providing the wrong sale date for the sheriff's sale, the pleadings do not satisfy the heightened requirements under Fed. R. Civ. P. 9(b).  Under these requirements, Appellant must plead and prove:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Colbert v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 1629305 at *32 (E.D. Mich., Apr. 16, 2013)

(quoting *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976)). Appellant's claim of fraud is founded on an assertion that a Chase representative told her the sheriff's sale was to take place one week later than it actually took place.  At best, the facts presented by Appellant simply indicate that there was a miscommunication regarding the date of the sheriff's sale.  However, Appellees maintain in their brief to the Court that notice of the sale was posted at the property four weeks prior to the sale, as well as notice published in the newspaper, providing sufficient warning to Appellant that the sale was indeed on May 17, 2011 rather than one week later as Appellant claims she was told by a Chase representative.  Even if we ignore the facts presented by Appellees, this Court must still conclude that Appellant has not alleged sufficient facts to support a fraud claim, because at most, only the first, second and fifth elements required in *Colbert*, supra, are even asserted in Appellant's arguments.  Further, Appellant merely presents a legal conclusion that the discrepancy of foreclosure sale date signifies fraud, which is insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555.  Therefore, failing a successful pleading for the fraud claim, Appellant's argument that the redemption period was not equitably extended to five years under MCL 600.5801(1) necessarily fails.

Appellant also argues that she has a claim for slander of title that should not be dismissed.  However, because the redemption period has already expired, Appellant may not challenge the foreclosure sale, which precludes the slander of title claim.  Even if Appellant had filed her suit prior to the expiration of the redemption period, her claim for slander of title would not survive a motion to dismiss because, as with the claim for fraud, the pleadings fail to articulate the requisite intent and malice for a slander of title claim. *B & B Inv. Grp. v. Gitler*, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998); *Stanton v. Dachille*, 463

-7-

N.W.2d 479, 486 (Mich. Ct. App. 1990). If this Court accepts that the Chase representative incorrectly informed Appellant of the date of the sheriff's sale, the pleadings are still insufficient without any allegations of facts demonstrating malice by Chase or reasonable reliance by Appellant. *See Twombly*, 550 U.S. at 555. Appellant's complaint fails a motion to dismiss for the fraud claim, and is likewise insufficient to state the necessary malice to survive a motion to dismiss for the slander of title claim. Moreover, the Bankruptcy Court correctly found that the redemption period had expired, barring both the fraud and slander of title claims.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision to grant Appellees' motions to dismiss adversary proceedings is hereby **AFFIRMED**. Judgment will enter for Appellees.

**IT IS SO ORDERED**.

Dated: July 3, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 3, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---